# EXHIBIT "A"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF RICHMOND

===========================================X

A███████ W████████, an infant by his father and
natural guardian, SAMUEL WEISBLAT,

                              Plaintiff,

                -against-

HOME DEPOT U.S.A., INC.,

                              Defendant.

===========================================X

To the above named defendant:

Index No.:
Date of Purchase:

**SUMMONS**
Plaintiff designates
RICHMOND
County as place of trial

The basis of venue is:
Location of Accident:
Home Depot, 2750 Veterans Rd
W, Staten Island, NY 10309

      **YOU ARE HEREBY SUMMONED** to answer the Complaint in this action and to serve a copy of your answer, or, if the Complaint is not served with this Summons, to serve a notice of appearance on the Plaintiff's Attorneys within 20 days after the service of this Summons exclusive of the day of service (or within 30 days after the service is complete if this Summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded herein.

Dated: Garden City, New York
      January 4, 2022

Yours, etc.
CHOPRA & NOCERINO, LLP

BY:  SAMEER CHOPRA, ESQ.
Attorneys for Plaintiff
100 Quentin Roosevelt Blvd
Unit 107
Garden City, New York 11530
(212) 868-3600
Our File No.:  1974.SC

To:    Defendant's Address
      **HOME DEPOT U.S.A., INC.**
      c/o Corporation Service Company
      80 State Street
      Albany, NY 12207-2543

Case 1:22-cv-04133-WFK-VMS   Document 1-1   Filed 07/14/22   Page 3 of 10 PageID #: 8

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF RICHMOND
==========================================X
A█████ W██████ an infant by his father and
natural guardian, SAMUEL WEISBLAT,

                Plaintiff,

    -against-

HOME DEPOT U.S.A., INC.,

                Defendant.
==========================================X

Index No.:

Date of Purchase:

**VERIFIED COMPLAINT**

Plaintiff **A█████ W██████, an infant by his father and natural guardian,**

**SAMUEL WEISBLAT** by his attorneys CHOPRA & NOCERINO, LLP., complaining of the

defendants herein, respectfully show to this court and alleges as follows:

1.      That at all of the times hereinafter alleged, **A█████ W█████**, was a

resident of the County of Richmond, in the State of New York.

2.      That on August 3, 2020, and at all the times hereinafter alleged, and upon

information and belief, the defendant, **HOME DEPOT U.S.A., INC.,** was and still is a foreign

business corporation authorized to do business under and by virtue of the laws of the State of New

York.

3.      That on August 3, 2020, and at all the times hereinafter alleged, and upon

information and belief, the defendant, **HOME DEPOT U.S.A., INC.,** was and still is a domestic

business corporation authorized to do business under and by virtue of the laws of the State of New

York.

4.      That on August 3, 2020, and at all the times hereinafter alleged, and upon

information and belief, the defendant, **HOME DEPOT U.S.A., INC.,** transacted business within the State of New York; regularly did or solicited business within the State of New York or engaged in other persistent courses of conduct and/or derived substantial revenue from goods used or consumed or services rendered in the State of New York and expected or should have reasonably expected its acts to have consequences in the State of New York and/or derived substantial revenue from interstate or international commerce.

5.     That at all of the times hereinafter mentioned, and upon information and belief, the defendant, **HOME DEPOT U.S.A., INC.,** maintained a place of business in the County of Richmond, State of New York.

6.     That at all the times hereinafter alleged, and upon information and belief, the defendant, **HOME DEPOT U.S.A., INC.,** was a company organized and existing under and by virtue of the laws of the State of New York.

7.     That on or about August 3, 2020 and at all times hereinafter mentioned, and upon information and belief, the defendant **HOME DEPOT U.S.A., INC.,** its servants, agents and/or employees, controlled the premises known as Home Depot located at 2750 Veterans Rd W, in the City of New York, in the County of Richmond, in the State of New York.

8.     That on or about August 3, 2020 and at all times hereinafter mentioned, and upon information and belief, the defendant **HOME DEPOT U.S.A., INC.,** its servants, agents and/or employees, managed the premises known as Home Depot located at 2750 Veterans Rd W, in the City of New York, in the County of Richmond, in the State of New York.

Case 1:22-cv-04133-WFK-VMS   Document 1-1   Filed 07/14/22   Page 5 of 10 PageID #: 10

9.      That on or about August 3, 2020 and at all times hereinafter mentioned, and upon information and belief, the defendant **HOME DEPOT U.S.A., INC.**, its servants, agents and/or employees, operated the premises known as Home Depot located at 2750 Veterans Rd W, in the City of New York, in the County of Richmond, in the State of New York.

10.     That on or about August 3, 2020 and at all times hereinafter mentioned, and upon information and belief, the defendant **HOME DEPOT U.S.A., INC.**, its servants, agents and/or employees, maintained the premises known as Home Depot located at 2750 Veterans Rd W, in the City of New York, in the County of Richmond, in the State of New York.

11.     That on or about August 3, 2020 and at all times hereinafter mentioned, and upon information and belief, the defendant **HOME DEPOT U.S.A., INC.**, owned the premises located at 2750 Veterans Rd W, in the City of New York, in the County of Richmond, in the State of New York.

12.     That on or about August 3, 2020 and at all times hereinafter mentioned, and upon information and belief, the defendant **HOME DEPOT U.S.A., INC.**, its servants, agents and/or employees, leased the premises located at 2750 Veterans Rd W, in the City of New York, in the County of Richmond, in the State of New York.

12.     That on or about August 3, 2020 and at all times hereinafter mentioned, and upon information and belief, the defendant **HOME DEPOT U.S.A., INC.**, its servants, agents and/or employees, resided at the premises located at 2750 Veterans Rd W, in the City of New York, in the County of Richmond, in the State of New York.

13.     That on or about August 3, 2020 and at all times hereinafter mentioned, and upon

information and belief, the defendant **HOME DEPOT U.S.A., INC.**, its servants, agents and/or employees, rented the premises located at 2750 Veterans Rd W, in the City of New York, in the County of Richmond, in the State of New York.

14.     That on or about August 3, 2020, the plaintiff, **A_____ W_____**, was on the aforesaid premises.

15.     That on or about August 3, 2020, while the plaintiff, **A_____ W_____** was on the aforesaid premises, he was caused to trip & fall.

16.     That on or about August 3, 2020, and at all of the times hereinafter mentioned, and upon information and belief, the defendant **HOME DEPOT U.S.A., INC.**, its servants, agents and/or employees, hired a 3rd party to maintain the property and premises known as Home Depot located at 2750 Veterans Rd W, in the City of New York, in the County of Richmond, in the State of New York.

17.     That the aforesaid accident and the injuries resulting therefrom were due solely and wholly as a result of the careless and negligent manner in that the defendants owned, operated, maintained, inspected, renovated, excavated, demolition, performed work, failed to repair or remedy, managed, leased, rented and controlled the aforesaid premises, without the plaintiff in any way contributing thereto.

18.     That the defendant was herein negligent, reckless and careless in that they violated their duties to persons on the aforesaid premises and to this plaintiff in particular, in knowingly permitting, suffering and allowing the aforesaid premises to be, become and remain in a defective, unsafe and dangerous condition, and were further negligent in failing to take suitable precautions for

the safety of persons lawfully on the aforesaid premises.

19.     That by reason of the foregoing and the negligence of the defendant, the plaintiff, A▮▮▮▮ W▮▮▮▮ severely injured, bruised and wounded, suffered, still suffers and will continue to suffer for some time physical pain and bodily injuries and became sick, sore, lame and disabled and so remained for a considerable length of time.

20.     That by reason of the foregoing, the plaintiff, A▮▮▮▮ W▮▮▮▮ was compelled to and did necessarily require medical aid and attention, and did necessarily pay and become liable therefor, for medicines and upon information and belief, the plaintiff, A▮▮▮▮ W▮▮▮▮ will necessarily incur similar expenses.

212.     That by reason of the foregoing, the plaintiff, A▮▮▮▮ W▮▮▮▮ has been unable to attend to his usual occupation in the manner required.

22.     That by reason of the foregoing and the negligence of the defendants, the plaintiff, A▮▮▮▮ W▮▮▮▮ has been unable to attend to his usual educational obligations in the manner required.

23.     That one or more of the exceptions of §1602 of the Civil Practice Law and Rules do apply to the within action.

24.     That as a result of the foregoing, the plaintiff, A▮▮▮▮ W▮▮▮▮, has been damaged in a sum which exceeds the jurisdictional limits of all lower courts.

WHEREFORE, plaintiff demands judgment against the defendant on each cause of action in

the amount that exceeds the jurisdictional limits of the lower courts, all together with cost and disbursements of this action.

Dated:  Garden City, New York
        January 4, 2022

                                         CHOPRA & NOCERINO, LLP.
                                         BY:

                                         SAMEER CHOPRA, ESQ.
                                         Attorneys for Plaintiff
                                         100 Quentin Roosevelt Blvd, Suite 107
                                         Garden City, New York 11530
                                         (212) 868-3600
                                         File No.: 1974.SC

Case 1:22-cv-04133-WFK-VMS Document 1-1 Filed 07/14/22 Page 9 of 10 PageID #: 14

STATE OF NEW YORK, COUNTY OF NASSAU          ss:

I, the undersigned, an attorney admitted to practice in the courts of New York State, state under penalty of perjury that I am one of the attorneys for the Plaintiffs in the within action; I have read the foregoing VERIFIED SUMMONS AND COMPLAINT and know the contents thereof; the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe to be true. The reason this verification is made by me and not by my clients, is that my clients are not presently in the County where I maintain my offices. The grounds of my belief as to all matters not stated upon my own knowledge are the materials in my file and the investigations conducted by my office.


Dated:  Garden City, New York
        January 4, 2022


_____
Sameer Chopra

Case 1:22-cv-04133-WFK-VMS Document 1-1 Filed 07/14/22 Page 10 of 10 PageID #: 15

Index No.:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF RICHMOND

=================================================

A▇▇▇▇▇▇ W▇▇▇▇▇, an infant by his father and natural
guardian, SAMUEL WEISBLAT,

                                        Plaintiff,

                    -against-

HOME DEPOT U.S.A., INC.,

                                    Defendant.

=================================================

### SUMMONS AND VERIFIED COMPLAINT
=================================================

CHOPRA & NOCERINO, LLP

Attorneys for Plaintiff

Office and Post Office Address, Telephone

100 Quentin Roosevelt Blvd

Unit 107

Garden City, New York 11530

212-868-3600

=================================================